**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

```
FILED
JAMES J. WALDRON, CLERK
October 31, 2008
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: /s/Diana Reaves, Deputy
```

_____
                                    :
IN RE:                              :   CHAPTER 7
                                    :
Hudson's Coffee, Inc.,              :
                                    :   CASE NO.:   05-60470  (NLW)
                    Debtor.         :
_____:    **OPINION**
                                    :
Stacey L. Meisel, Chapter 7 Trustee,:
                                    :
                    Plaintiff,      :   Adv. No.:   06-1458
                                    :
v.                                  :
                                    :
Armenia Coffee Corp., et al.,       :
                                    :
                    Defendant.      :
_____:

**Before:    HON. NOVALYN L. WINFIELD**

**A P P E A R A N C E S :**

Michael Sirota, Esq.
Mark Politan, Esq.
Cole, Schotz, Meisel, Forman & Leonard
25 Main Street, 4th Floor
Hackensack, NJ 07601
Attorneys for Trustee Stacey Meisel

James F. Keegan, Esq.
Bendit, Weinstock
80 Main St.
West Orange, NJ 07052-5414
Attorneys for Armenia Coffee, Corp.

William Katchen, Esq.
Duane Morris, LLP
744 Broad Street
Suite 1200
Newark, NJ 07102
Attorneys for Mecca Entities

This matter is before the court on a motion by Armenia Coffee Corp. ("Armenia") to stay this court's September 17, 2008 order that approved a settlement among the Chapter 7 Trustee and Helen Mecca, Mecca & Son Trucking Company and Fourteen Florence Street Corp. (Collectively "Mecca Entities"). The purpose of the requested stay is to preserve the status quo while Armenia prosecutes its appeal. The Chapter 7 Trustee and the Mecca Entities oppose the request on the ground that the requisites for a stay have not been met. As set forth below the court agrees that Armenia's motion must be denied.

The court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. § 1334 and § 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O). The following shall constitute the findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

**FACTUAL AND PROCEDURAL HISTORY**

On November 30, 2005 Stacey L. Meisel was appointed as Chapter 7 Trustee. Approximately one year earlier, on December 7, 2004 the Mecca Entities commenced litigation in the Superior Court of New Jersey, Chancery Division, Hudson County against the Debtor, Armenia, Regal Trading Inc. ("Regal") and various other defendants ("State Court Action"). The complaint in the State Court Action contained eighteen counts, alleging *inter alia*, fraudulent transfers, breach of fiduciary duty by insiders of the Debtor, theft of corporate opportunities, breach of contract, breach of lease, and conversion of the Debtor's assets. At the time that the Debtor's Chapter 7 case was commenced, discovery had been undertaken but was not completed.

In February 2006, the Chapter 7 Trustee removed the State Court Action by a Notice of Removal filed pursuant to 28 U.S.C. § 1452(a). By order dated February 21, 2006 the Hon. Joseph

A. Greenaway referred the matter to the Bankruptcy Court, where it was assigned Adv. Pro. No. 06-01458. A motion to intervene and remand was brought by the Mecca Entities and opposed by the Chapter 7 Trustee and Armenia. The motion was resolved by an order dated May 22, 2007 which (i) allowed the Mecca Entities to intervene as co-plaintiffs, (ii) denied, without prejudice, the request to remand, and (iii) granted the Chapter 7 Trustee leave to amend the complaint.

On July 8, 2008 the Chapter 7 Trustee filed her motion for approval of a settlement agreement with the Mecca Entities. The terms of the settlement were embodied in a Settlement Agreement and Release ("Agreement") that provided for (i) an exchange of releases between the Chapter 7 Trustee and the Mecca Entities, (ii) payment of $45,000 to the Chapter 7 Trustee by the Mecca Entities to settle all claims asserted by the Chapter 7 Trustee, (iii) acquisition by the Mecca Entities of all claims under $20,000, and (iv) derivative standing conferred upon the Mecca Entities (at their option) to prosecute all claims asserted by the Chapter 7 Trustee in the First Amended Complaint.

The Chapter 7 Trustee's motion was met with objections by Armenia and the court. Hearings were held on September 2, 2008 and September 16, 2008. The Agreement was revised largely to satisfy the court's concerns regarding derivative standing, and the final version is attached to the court's September 17, 2008 order approving the settlement. On September 23, 2008 Armenia filed its notice of appeal, and almost two weeks later filed the instant motion to stay the September 17th order.

## DISCUSSION

It is widely agreed that to grant a stay pending appeal under Fed. R. of Bankr. P. 8005 a court considers the following factors: 1) whether the appellant is likely to succeed on the merits of an appeal; 2) whether the appellant will suffer irreparable injury if the stay is not granted; 3) whether

3

a stay would substantially harm other parties in the litigation; and 4) whether a stay is in the public interest. *Family Kingdom v. EMIF New Jersey Ltd. Partnership (In re Family Kingdom, Inc.)*, 225 B.R. 65, 69 (D.N.J. 1998); *In re Roth American, Inc.,* 90 B.R. 94, 95 (Bankr. M.D. Pa. 1988). Additionally, no single factor is outcome determinative. Rather, the court must balance all of the elements in order to reach an appropriate determination *Roth American*, 94 B.R. at 95.

A.      **Likelihood of Success on the Merits**

Settlements are favored in bankruptcy in order to minimize litigation costs and to expedite administration of the estate. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). As set forth in *Martin*, in determining whether to approve a settlement, the court considers (i) the probability of success in the litigation, (ii) the likely difficulties in collection, (iii) the complexity of the litigation and the attendant expense, inconvenience and delay and (iv) the paramount interest of creditors. *Id.*

This court concluded that the Chapter 7 Trustee exercised reasonable judgment in entering into the settlement with the Mecca Entities, and therefore approved the settlement. In the court's view, the litigation is undeniably complex in terms of the number of parties, the theories of recovery asserted and the factual record required to support those theories. Importantly, in the Chapter Trustee's opinion, recovery of transfers made by the Debtor to the Mecca Entities was uncertain. The Chapter 7 Trustee specifically pointed out that the deposition testimony and expert reports demonstrated that the Mecca Entities had colorable defenses and intended to vigorously press them. Based on her assessment of the discovery process, the Chapter 7 Trustee anticipated protracted litigation with an uncertain result. The prospect for easy collection of any recovery was also considered to be equally uncertain. The Chapter 7 Trustee anticipated that the Mecca Entities would likely appeal an adverse decision, thereby causing further delay and expense. The court found this to be a proper basis for settlement.

4

In particular, the court agreed with the Chapter Trustee's expectation that the prospect of further delay and continued expense weighed heavily in favor of settlement. Indeed, the court was mindful that this litigation began in the state court in 2004 and as of 2008 was not yet resolved.

Accordingly, the court concurred that the settlement offered the best means to conclude the case, satisfy administration expenses, and provide payment to the handful of creditors who were not embroiled in the litigation. Further, the court agrees that Armenia and the other defendants are unharmed by remand of the removed litigation to the Superior Court. Indeed, certain of the claims in the removed State Court Action likely could not have been adjudicated by the bankruptcy court in any event, since it lacks even non-core jurisdiction over disputes between third parties that do not affect the bankruptcy estate. Thus, returning the litigation parties to their original forum is fair and equitable. Thus, in light of the broad discretion afforded trustee's to settle matters and the court's conclusion that all of the *Martin* factors were met, Armenia has not demonstrated any likelihood of its success on the merits of its appeal.

### B. <u>Irreparable Harm</u>

To meet its burden of demonstrating irreparable harm Armenia must show that there is a significant risk that it will experience harm that cannot be adequately compensated by money damages. *Frank's GMC Truck Ctr. Inc. v. General Motors Corp.,* 847 F.2d 100, 102-03 (3d. Cir. 1988). Armenia fails in this regard because the underlying litigation is solely concerned with monetary damages. Additionally, Armenia's concern regarding inconsistent results can be met by making such application as it deems appropriate to the Superior Courtt regarding scheduling. Moreover, Armenia can proceed with its summary judgment motion in the state court if it chooses. In reality, all of Armenia's claims and defenses are preserved in the Superior Court and it is not irreparably harmed by remand of this matter.

5

**C.**     **Balancing of Harm to the Parties**

The third factor also does not weigh in favor of Armenia. The parties most at risk of harm are the creditors whose claims can be acquired by the Mecca Entities. They have been trapped in this prolonged dispute between the Mecca Entities and Armenia and should not be further prejudiced.

**D.**     **Public Interest**

The final factor does not weigh in favor of either party as both the appellant and appellees purport to be acting to vindicate essential bankruptcy policies.

**CONCLUSION**

Having found that three of the four factors for determining whether a stay of this courts September 17, 2008 order weigh in favor of appellees, Armenia's request for a stay pending appeal is denied.

Dated: October 31, 2008

_____
NOVALYN L. WINFIELD
United States Bankruptcy Judge